******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, C. J., concurring. I agree with the majority's conclusion that, for purposes of General Statutes § 4-160 (f),[1] the plaintiffs, Celine Escobar-Santana (Escobar-Santana) and her infant son, Emmett Escobar-Santana, have pleaded a colorable medical malpractice claim with respect to count two of their complaint. As the majority aptly concludes, § 4-160 (f) waives sovereign immunity for " 'medical malpractice claims only' " and affords a mechanism by which plaintiffs can bypass the Claims Commissioner upon the filing of a timely medical malpractice action in the Superior Court. Part II B of the majority opinion. Given our mandate to construe pleadings broadly; see, e.g., *Carpenter* v. *Daar*, 346 Conn. 80, 127, 287 A.3d 1027 (2023); and the legislative purpose of § 4-160 (f) as explained by the majority; see part II B 1 and 2 of the majority opinion; I agree with the majority's conclusion that count two can be read to allege a medical malpractice claim by Escobar-Santana for purposes of the sovereign immunity waiver provided by that statute. Not only does count two sound in medical malpractice, but the plaintiffs also attached a good faith certificate and opinion letter that alleged that the defendant, the state of Connecticut, had breached the standard of care during the labor and delivery process. See General Statutes § 52-190a (a). Given the common-law trend of recognizing emotional distress damages in medical malpractice actions, I agree with the majority's conclusion that, to the extent that Escobar-Santana alleged only damages caused by emotional distress, in the absence of her own physical injury, she is not precluded from bypassing the Claims Commissioner under § 4-160 (f).

I write separately, however, to emphasize that the dispositive issue in this case is limited to whether there has been a waiver of sovereign immunity for purposes of § 4-160 (f) as a matter of construction of that statute, thus affording the trial court subject matter jurisdiction over the claims pleaded in count two of the plaintiffs' complaint. Because, as was highlighted at oral argument before this court, the state assumes for purposes of this motion to dismiss that there was a duty of care owed to Escobar-Santana, I, too, assume that such duty existed given the procedural posture of this case. Given that assumption, I leave to another day a comprehensive examination of whether there was, in fact, a duty of care owed to Escobar-Santana and whether she ultimately will prevail on her emotional distress claim.

Accordingly, I join the majority opinion affirming the decision of the trial court to deny the state's motion to dismiss count two of the complaint.

[1] See footnote 1 of the majority opinion.